# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PRECIOUS BUCHANAN,

    Plaintiff,

v.

BARBARA PALMER, et al.,

    Defendants.

Case No.: 4:13-cv-143-RH-CAS

# AGREED CONFIDENTIALITY ORDER[1]

Pursuant to Fed.R.Civ.P. ("Rule") 26(c), the parties to this action by and through their respective counsel have represented to this Court, and this Court finds that:

A. The parties anticipate the need for discovery involving the production and disclosure of documents, data and other materials.

B. The parties recognize that the scope of discovery will encompass the production of documents that may contain sensitive and confidential information of a non-public nature (hereinafter "Confidential Matter"), that may be subject to discovery in this action. The designation of information as "Confidential Matter" does not create a presumption for or against that treatment.

Accordingly, the parties have submitted a joint motion for entry of this Protective Order and this Court finds good cause for entry of this Protective Order. IT IS ORDERED THAT:

1. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever produced by the Responding Party pursuant to production request, subpoena or agreement. The word "party" or "parties" means the parties to this agreement their attorneys and attorneys' staffs.

2. This Order governs all discovery material designated as "Confidential Matter," including all copies and excerpts or notes thereof. All Confidential Matter shall be used only for purposes of preparation for trial in this case and not for any other litigation or business purposes, and shall be disclosed only in accordance with the terms of this Order. This Order does not cover materials disclosed in other litigation where that material was not subject to a protective order or other limitation on its use or dissemination (e.g., an agreement by the parties that the material is for "counsel's eyes only.")

3. This Order specifically applies to and allows the limited disclosure of documents and information that may otherwise be protected as confidential under, without limitation, Chapters

---

[1] This order is precisely in the form proposed by the parties except for the addition of this footnote and paragraph 11. Paragraph 11 says explicitly what would be implicit even without the paragraph.

415, 119, 393 and 394, Florida Statutes; and HIPPA; but only for the purposes of the instant litigation and subject to the disclosure and use restrictions contained in this Order.

4. The Discovering Party in this action shall not disclose documents or parts of documents designated as Confidential Matter except to the following persons:

a.  co-counsel and employees of counsel for the Discovering Party who are employed in connection with preparation for and trial of this litigation;

b.  experts or consultants retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

c.  this Court and court personnel, *in camera,* under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from this Court of the Confidential Matter;

5. Before disclosing Confidential Matter to any person enumerated in paragraph 4(a) and (b), the Discovering Party must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, are to be held in confidence, are to be used solely for the purpose of preparing for this litigation, and further that these restrictions are imposed by a court order. In addition the Discovering Party in this action shall obtain from each person reviewing Confidential Matter under the authority granted in paragraph 4(a) and (b) an affidavit in the form affixed hereto as Exhibit "A." Copies of such signed affidavits shall be disseminated to counsel for the Responding Party before the disclosure of any documents or information subject to this order. This responsibility is binding on all counsel for Discovering Party.

6. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their staff, co-counsel, experts, consultants and others. Unless otherwise retrieved from this District Court, after the expiration of 45 days following such final termination, any Confidential Matter that has been filed in this action under seal shall be unsealed and treated in the ordinary course of the business of the Clerk of Court.

7. Identifying information that is deemed confidential may be disclosed if the person identified formally, either under oath or in writing, agrees to waive said confidentiality. Ten days before disclosure of the identity of the person waiving confidentiality, the Discovering Party shall notify the Responding Party in writing of the waiver of confidentiality.

8. By this Order, the Discovering Party does not waive its right to make application to this Court, with notice, for a determination that any Confidential Matter produced by the Responding Party does not contain sensitive and confidential information. If disputes arise concerning the propriety of designating documents as Confidential Matter, or concerning any other matter relating to the

application of this Order, counsel shall attempt to resolve such disputes by agreement before seeking a court order. If counsel cannot resolve such disputes by agreement, they reserve the right to ask this Court to resolve these disputes pursuant to the applicable Rules.

9. This Order may be modified by further written stipulation signed by the undersigned attorneys and/or by the further notice of this Court upon application to this Court with notice.

10. Nothing in this Order shall be deemed a waiver of any party's right to object to the purported discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

11. This order may be modified by the court.

       SO ORDERED on December 5, 2013.

                              s/Robert L. Hinkle
                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PRECIOUS BUCHANAN,

    Plaintiff,

v.

BARBARA PALMER, et al.,

    Defendants.

Case No.: 4:13-cv-143-RH-CAS

## EXHIBIT A

I, _____, state:

1. I have read and know the contents of the attached Protective Order.

2. I am ☐ Co-counsel; ☐ Staff; ☐ Expert or Consultant ☐ Staff of Expert or Consultant, in the above-styled case.

3. I am executing this Acknowledgement in order to satisfy the conditions provided in Paragraph 5 of the Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Protective Order.

4. I expressly represent and agree that:

(a) I have read and shall be fully bound by the terms of the Protective Order;

(b) All such Confidential Matter as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

(c) I shall not disclose the contents or subject matter of all such Confidential Matter to anyone, other than in accordance with the Protective Order, at anytime hereafter;

5. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in the stipulation.

*Pursuant to § 92.525, Florida Statutes, and 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing document and that the facts stated in it are true.*

_____
SIGNATURE                    DATE

_____
PRINTED NAME