**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

PRECIOUS BUCHANAN,

    Plaintiff,

v.                                      CASE NO. 4:13cv143-RH/CAS

BARBARA PALMER et al.,

    Defendants.

_____/

## ORDER FOR DISMISSAL

The parties have moved jointly to approve their agreement to settle all the claims at issue. The claims arise under federal and state law. Approval of the settlement is necessary based on the plaintiff's diminished capacity. *See* Fla. Stat. § 744.387 (requiring court approval of a settlement of a ward's claim); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002); *In re Smith*, 926 F.2d 1027, 1029-30 (11th Cir. 1991).

I find that the proposed settlement is a reasonable compromise of genuinely disputed claims. I find that the settlement has been negotiated at arm's length by experienced attorneys who have earned a reputation in this court as able and

committed advocates for clients in cases of this kind. I find that the plaintiff's attorneys' proposed fees are reasonable and well within the range that attorneys charge for services of this kind in this district. Based on all the circumstances shown by this record—including the guardian ad litem's approval of the proposed settlement—I conclude that the settlement should be approved. Accordingly,

IT IS ORDERED:

1. The motion to approve the settlement, ECF No. 43, is GRANTED.

2. The parties must comply with their settlement agreement.

3. All claims other than for enforcement of the settlement agreement are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41.

4. Jurisdiction is retained to enforce the order to comply with the settlement agreement.

5. The clerk must enter judgment stating, "The parties are ordered to comply with their settlement agreement. The court reserves jurisdiction to enforce the order to comply with the settlement agreement. All claims in this case are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41."

6. The clerk must close the file.

7. A party who objects to the terms of this order or the judgment to be

entered based on this order must file a timely motion to alter or amend under Federal Rule of Civil Procedure 59(e).

SO ORDERED on January 22, 2014.

                                                s/Robert L. Hinkle
                                                United States District Judge